A89A1084. KELLY v. THE STATE.
(388 SE2d 377)

BIRDSONG, Judge.

Appellant John Thomas Kelly was indicted for trafficking in cocaine. A bench trial and hearing on his motion to suppress were held concurrently; the trial court denied the motion and found appellant guilty, from which he appeals. *Held*:

1. Appellant contends that there was insufficient evidence to authorize the finding of guilt. The State showed that on December 28, 1987, two agents of the Chatham County Police Metro Drug Squad boarded a bus about to leave for Cleveland, Ohio, on a routine search. The passengers were advised that the officers were looking for contraband, asked to cooperate, and informed that they had the right to refuse a search of their luggage or persons. Appellant was seated in seat 13, next to the window, four rows down from the driver. When asked if he had any luggage, appellant replied that he had one bag which was in the overhead rack immediately above him. The agents later found a blue suitcase in the rack above seat 9, which was directly in front of seat 13. Appellant was asked to look at the bag and say whether it was his, but he would neither admit nor deny ownership. The bag had an identification tag on it showing the name

"John" and an illegible last name, with Norwalk, Ohio, as the address. When asked his name, appellant replied, "John Kelly." No other passenger having claimed the bag, appellant was advised by an agent that it would be taken off the bus to be searched by the drug dog, and that appellant was welcome to come along if he wanted to. Appellant was not under arrest at that time.

The two detectives and appellant left the bus. Before searching the bag, appellant was again asked if it were his, "and he said, 'No, the bag is not mine.'" Search of the bag revealed a large, clear ziplock plastic bag containing white powder, which was tested by the GBI's Division of Forensic Sciences and analyzed as 220.6 grams of cocaine, 90 percent pure. The plastic bag has been rolled up and placed in a felt liquor bag, and "shoved up into the toe of" a "green, size 9D boot." The officers also removed the identification tag from the bag and, when it was turned over, found the names "John and Della Kelly," with the address listed as 52 Lake Avenue, Norwalk, Ohio. Appellant was then arrested and subsequently indicted for violation of OCGA § 16-13-31 (a). We find this evidence to be sufficient for a rational trier of fact to conclude that appellant was guilty of the crime as charged. *Jackson v. Virginis*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Appellant's enumerations of error 1, 2, 5 and 7 are without merit.

2. Appellant in essence asserts in enumerations of error 3 and 4 that the trial court erred in overruling his motion to dismiss the charge on the ground that the indictment alleged a crime under the statute as amended, which did not become effective until March 28, 1988, and thus was not in force on the day the crime was committed. The 1988 amendment deleted the requirement that actual possession of contraband be shown. However, the transcript of the sentencing proceedings clearly illustrates that the trial judge was aware that actual possession had to be proved by the State, that he was concerned about this issue from the beginning of the trial, but that after consideration of the evidence, he found appellant guilty through actual possession. Thus, the current law was followed and there was no ex post facto application of the statute as amended.

3. Appellant's remaining enumeration of error, enumeration no. 6, challenges the evidence proving he was the perpetrator of the crime. While there was no in-court testimony identifying appellant as the person arrested at the bus station, there was certainly no evidence even remotely suggesting that he was not. When the case was called against John Thomas Kelly, defense counsel announced ready. The State showed that the person sitting in seat 13 of the bus gave his name as John Kelly, left the bus voluntarily with the detectives and accompanied them to the area where the bag, identified as belonging to John and Della Kelly, was searched and the cocaine was found. At

trial, one of the detectives responded affirmatively upon being questioned whether this was when "the [d]efendant, that is, Mr. Kelly, [was] placed under arrest?" Thus, there was some evidence that the defendant on trial was the perpetrator of the crime alleged in the indictment, whereas there was no evidence to the contrary. See also Division 1 above. Appellant has raised no grounds warranting reversal.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1989 —
REHEARING DENIED NOVEMBER 16, 1989 — 

*Paul S. Weiner*, for appellant.
*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney*, for appellee.